## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 19 2018, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mary Beth Mock
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michelle Colen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 19, 2018

Court of Appeals Case No.
39A04-1706-CR-1365

Appeal from the Jefferson Circuit Court

The Honorable Darrell Auxier, Judge

Trial Court Cause No.
39C01-1605-F3-385

**Vaidik, Chief Judge.**

# Case Summary

Michelle Colen appeals her conviction and sentence for dealing in methamphetamine. She argues that there is insufficient evidence to support her conviction and that her sentence is inappropriate. We affirm.

# Facts and Procedural History

On April 27, 2016, the Madison Police Department sent a confidential informant, who was equipped with a video-recording device, to Johnny Ford's home to purchase methamphetamine. Ford was a suspected methamphetamine dealer in the area. At the time of the buy, Colen and Ford had been in a romantic relationship for approximately one year, and Colen and her three minor children had been living with Ford for most of the relationship. The informant met with Ford and Colen in their bedroom. After about twenty minutes, the informant put $100 on the bed, and Ford began packaging the methamphetamine. Colen can be heard on the video asking Ford, "Do you need the scales?" Ex. 9. Ford indicated that he did, and Colen is then seen handing Ford a set of digital scales. Throughout the conversation, Colen and Ford were lying on their bed with the scales sitting between them. After receiving the methamphetamine, the informant left the house and gave the drugs and recording equipment to Madison police officers.

On May 1, Madison S.W.A.T. officers executed a warrant at Ford's home and arrested Ford and Colen. Colen was charged with Level 4 felony dealing in

methamphetamine, Level 6 felony maintaining a common nuisance, and Level 6 felony possession of methamphetamine. Colen and Ford both posted bond and resumed living together for several months before Colen ended the relationship.

[4] During her jury trial, Colen admitted that she was guilty of the common-nuisance and possession-of-methamphetamine charges, but she denied ever dealing methamphetamine. The State argued that Colen was an accomplice because she was present for the buy and aided Ford by handing him the digital scales, which Ford used to weigh the methamphetamine. The jury agreed with the State and found Colen guilty of all three charges.

[5] The trial court sentenced Colen to six years for dealing in methamphetamine, one year for maintaining a common nuisance, and one year for possession of methamphetamine. The trial court did not suspend any time but ordered the sentences for all three counts to run concurrently, for an aggregate term of six years in the Department of Correction (DOC). The court recommended Colen for the Incarceration with a Purpose program and requested that Colen be placed in the Growth Responsibility Integrity and Purpose (GRIP) Therapeutic Community. The court went on to say, "Should the Defendant successfully complete the GRIP program, the Court will consider modifying the Defendant's sentence to probation to be supervised by the Jefferson County Community Corrections." Tr. Vol. III p. 130.

[6] Colen now appeals.

# Discussion and Decision

[7] Colen appeals her conviction for dealing in methamphetamine, arguing that the evidence is insufficient to support her conviction because she did not aid Ford in dealing.[1] Colen also argues that her sentence is inappropriate.

# I. Sufficiency of the Evidence

[8] When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses; that role is reserved for the factfinder. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). "The evidence— even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction." *Id.* A conviction will be affirmed "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.*

[9] A person who knowingly or intentionally delivers or finances the delivery of methamphetamine, pure or adulterated, commits the crime of dealing in methamphetamine. Ind. Code § 35-48-4-1.1. If the amount of methamphetamine involved is at least one gram but less than five grams, then the crime is a Level 4 felony.[2] *Id.* To be convicted as an accomplice, the State must prove that Colen knowingly or intentionally aided, induced, or caused

---

[1] Colen does not appeal the convictions for maintaining a common nuisance or possession of marijuana.

[2] It is undisputed that Ford sold at least one gram of methamphetamine to the informant.

Ford to commit the offense of dealing in methamphetamine. Ind. Code § 35-41-2-4. "It is well established that a person who aids another in committing a crime is just as guilty as the actual perpetrator." *Green v. State*, 937 N.E.2d 923, 927 (Ind. Ct. App. 2010), *trans. denied.* It is not necessary for a defendant to have participated in every element of the crime to be convicted as an accomplice. *Id.*

[10] The fact-finder, here the jury, considers several factors "to determine whether a defendant aided another in the commission of a crime[.]" *Whedon v. State*, 765 N.E.2d 1276, 1277 (Ind. 2002). These factors include: (1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime. *Id.* Mere presence during the commission of the crime or failure to oppose the crime are, by themselves, insufficient to establish accomplice liability. *Id.* But they may be considered in conjunction with the other factors to determine liability. *Id.* at 1278.

[11] It is undisputed that Colen was present for the buy and that she did not oppose it. At the time of the buy, she had been in a romantic relationship and living with Ford for approximately one year. During the transaction, Colen can be heard on video asking Ford if he needed the scales and seen handing Ford a set of digital scales, which were used to weigh the methamphetamine. At trial, Colen was asked if she knew what Ford was going to do with the scales:

> [State]:  And you knew what [Ford] was going to do with those scales when you handed them to him, right?

[Colen]:     Right.

[State]:     You knew he was going to use those scales to weigh
             out methamphetamine.

[Colen]:     Yes.

[State]:     And he was going to give that meth to the
             informant?

[Colen]:     Yes.

Tr. Vol. III p. 5.

[12]  Colen argues that handing scales to Ford is insufficient to show that she aided in the sale of methamphetamine. She focuses on the fact that the scales were on the bed between her and Ford and were less than two feet from Ford. But the proximity of the digital scales to Ford is not determinative of whether Colen was an accomplice; Colen's actions are. Colen further contends that she was merely present at the buy and that she never touched the methamphetamine or money.[3] As already stated, a defendant does not have to commit every element of the crime to be convicted as an accomplice. *Green*, 937 N.E.2d at 927. Both arguments fail for the same reason: Colen is on video handing the digital scales to Ford. She admitted at trial that she knew Ford was going to use the digital

---

[3] Colen also argues that she never financed the delivery of methamphetamine, but this was not the theory of the State's case. The State argued that Colen was an accomplice based on her presence at the buy and handing the digital scales to Ford.

scales to weigh the methamphetamine before giving it to the informant. In other words, she knew that the digital scales were a necessary part of the sales transaction. This is sufficient for the jury to conclude that Colen knowingly aided Ford in the sale of methamphetamine.[4]

## II. Sentencing

[13] Colen also argues that her sentence is inappropriate. "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We generally defer to the judgment of trial courts in sentencing matters, and defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1045 (Ind. Ct. App. 2016). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.*

[14] Colen argues that her character makes her sentence inappropriate. Colen's aggregate sentence for all three convictions was six years in the DOC with no time suspended—the advisory sentence for a Level 4 felony. She stresses that

---

[4] Colen alternatively argues that if she did aid Ford, the evidence is insufficient to prove that she did so intentionally. The accomplice-liability statute is written in the disjunctive and requires that the State prove that the defendant either knowingly or intentionally aided the principal actor. *See* I.C. § 35-41-2-4. Because the evidence is sufficient to prove that Colen knowingly aided Ford, we do not address this argument.

she has three minor children and that she cares for her sick, elderly father. Colen claims that she is the only relative who is able to care for her father. After posting bond, Colen was placed on pretrial release and passed all of her drug screens, except for the first one, and she has cut off all ties to Ford and his friends. Colen acknowledges that she has a prior misdemeanor conviction for possession of a legend drug. Colen neglects to mention that she knew she was living in a "dope house" and that she remained there with her three minor children for approximately one year. Tr. Vol. III pp. 5-6. And after posting bond, Colen returned to Ford's house and remained living with Ford "for a couple of months" before ending the relationship. *Id.* at 74.

[15] At the sentencing hearing, the State acknowledged that Colen had done well while on pretrial release, but it argued that she did not have the tools necessary to maintain sobriety on her own. *See id*. at 123-24. The State recommended purposeful incarceration "with a modification out when she is successful[.]" *Id.* at 124. The presentence investigation report's recommendation was identical to the State's. The trial court agreed and recommended Colen for Incarceration with a Purpose and requested that she be placed in the GRIP Therapeutic Community. The trial court went on to say, "Should the Defendant successfully complete the GRIP program, the Court will consider modifying the Defendant's sentence to probation to be supervised by the Jefferson County Community Corrections." *Id.* at 130. The GRIP Therapeutic Community is an "in-patient substance abuse therapeutic community for offenders that have addictions to drugs or alcohol." Jennifer Saroka, *Offenders Get a GRIP*,

progressionINcorrections, 9 (Apr. 2008),

https://www.in.gov/idoc/files/DOCNwsltrAprREV3(1).pdf. Inmates

assigned to the GRIP community "develop a comprehensive re-entry plan that

includes viable life skills, relapse prevention strategies and best placement for

continuing growth." *Id.*

[16] Even if Colen does not complete Incarceration with a Purpose, the trial court

sentenced her to the advisory term for a Level 4 felony. Six years is not

inappropriate, particularly in light of the very real possibility of a modification

down the road. Colen has failed to persuade us that her sentence is

inappropriate.

[17] Affirmed.

May, J., and Altice, J., concur.